By the Coubt.—Fbeedman, J.
This action was brought for the recovery of a penalty given by statute. The claim of the plaintiff is that on a certain day on which he took passage on a passenger train of the defendant to be carried on the defendant’s road from 134th street, in the city of New York, to Morris Park, in the state of New York, and thence back to said 134th street, he was charged and compelled to pay, contrary to the laws of the state of New York, fourteen cents in excess of the sum which the defendant had the right to ask and to receive, by means whereof the defendant became liable to pay to the plaintiff under and by virtue of the statutes of the state of New York to prevent extortion by railroad companies, the. sum of fifty dollars, together with the sum of fourteen cents so *513 asked and received as aforesaid in excess of the legal fare.
The defendant is a foreign corporation, having been originally chartered by the state of Connecticut in the year 1844 under the name of the New York and New Haven Railroad Co. In the year 1846 it applied to the legislature of the state of New York for permission to extend its road from the Connecticut state line to the line of the New York and Harlem Railroad, and to unite or connect with the last mentioned railroad at or near Williams Bridge. Such permission was granted by chapter 195 of the Laws of 1846 upon certain conditions, and one of said conditions was that the charge for the transportation of any passenger and his ordinary baggage shall not exceed in the aggregate the sum of three cents per mile on that part of said road within this state. This condition is not applicable to the case at bar, because it is expressly limited to the part of the road specified, and because the plaintiff was not a passenger over that part of the road.
The occurrences out of which plaintiff’s claim arose, took place on a railroad known as the Harlem River & Port Chester Railroad and operated by the defendant under a lease, and the liability of the defendant for the penalty was held by the trial judge to rest upon subdivision 9 of section 28 of chapter 145 of the Laws of 1850, and the amendments of said chapter by chapter 185 of the Laws of 1857 and chapter 415 of the Laws of 1886. These provisions constitute parts of what is commonly known as the general railroad act, and they confer upon railroad corporations formed under the said act the power to regulate the compensation to be paid to them for the transportation of passengers, but at the same time they provide that such compensation for any passenger and his ordinary baggage shall not exceed three cents a mile.
*514 It therefore becomes necessary to consider the legal status of the Harlem River & Port Chester Railroad Co. and to determine what rate of fare it had a right to charge. This company was shown to have been organized under chapter 76B of the Laws of 1866 as- amended by chapter 722 of the Laws of 1869. Neither of these acts fixes or limits the rate of transportation over the road, and taken together they only authorize the construction, maintenance and operation of the road in a certain manner prescribed, which includes a lease, by certain persons specifically named, and their associates. “ When duly formed into a corporation •under and pursuant to an act to authorize the formation of railroad corporations and to regulate the same,” passed April 2, 1850. Under the peculiar provisions of these acts it is therefore essential that the actual and due formation of a corporation under the general railroad act should be shown, before the prohibition contained in the general railroad act can be enforced by the infliction of a penalty under the -acts amendatory thereof, for the general railroad act in terms applies only to corporations formed under it.
Even upon the assumption, therefore, the validity of which need not be discussed at present, that the defendant as a foreign corporation, under its lease, had no right to charge a higher rate of fare than the Harlem River & Port Chester R. R. Co., when legally organized, could have charged under the general railroad act, and that the defendant as lessee is liable for the penalty in every case in which its lessor would have been liable, it still remained incumbent upon the plaintiff to establish at the trial, and as part of his case, that the special acts authorizing the formation of the Harlem River & Port Chester R. R. Coi were followed up by actual and due formation of a corporation under and pursuant to the general railroad act.
*515 The case contains no finding nor any evidence upon this point, and consequently there is a fatal defect.
This is a penal action. It rests upon the provisions of a penal statute. The claim is that the defendant has been guilty of extortion. In such a case the rule is well settled that all doubtful points are to be construed in favor of the defendant; that the plaintiff must show a clear right to the penalty and that he must bring himself strictly and literally within the operation of the statute. This the plaintiff failed to do.
The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.
Sedgwick, Ch. J., and Ingraham, J., concurred.